UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANCER CENTER ASSOCIATES FOR RESEARCH AND EXCELLENCE, INC., <br><br>Plaintiff, <br><br>v. <br><br>PHILADELPHIA INSURANCE COMPANIES, PHILADELPHIA INDEMNITY INSURANCE COMPANY, <br><br>Defendants. | 1:15-CV-00084 LJO MJS <br><br>ORDER DENYING EX PARTE REQUEST FOR EXPEDITED DISCOVERY (DOC. 11); CONTINUING BRIEFING DEADLINES RE MOTION TO DISMISS; AND VACATING MOTION TO DISMISS HEARING. |

Cancer Center Associates for Research and Excellence ("cCare" or "Plaintiff") brings this lawsuit against Philadelphia Indemnity Insurance Company ("Philadelphia") and Philadelphia Consolidated Holding Corporation ("PCHC"), erroneously sued as Philadelphia Insurance Company ("PIC"), for breach of contract, declaratory judgment, and tortious breach of the covenant of good faith and fair dealing, all claims arising out of a coverage dispute involving an insurance policy issued by Defendants to cCare (the "Policy"). Doc. 1. On March 5, 2015, Defendant filed a motion to dismiss, arguing, among other things, that this Court lacks subject matter jurisdiction over this dispute because the Policy contains a mandatory arbitration provision. Doc. 7. The motion to dismiss was set for hearing on April 14, 2015, meaning that Plaintiff's opposition was to be due March 3, 2015. On March 16, 2015, Plaintiff filed an ex parte application for an order continuing the hearing on the motion to dismiss to permit time for limited, expedited discovery. Doc. 11. On March 18, 2015, Defendants filed an opposition to the ex parte application. Doc. 12. Having considered all of the parties' arguments in light of the entire record, the Court DENIES the application without prejudice for the reasons set forth below.

A request for early or expedited discovery must be supported by good cause. *See* Fed. R. Civ. P. 26(d)(1); *Semitool Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276;

> Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

*Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).[1]

Here, the Court finds that Plaintiff has failed to articulate a proper need for expedited discovery. Plaintiff's request for additional discovery is limited to a request to take one Rule 30(b)(6) deposition of Philadelphia in order to "allow cCare to gather the relevant facts to support its argument that Defendants have waived or are estopped from requesting arbitration in this action." Doc. 11 at 6-7. Specifically, Plaintiff maintains that Defendants have waived the right to arbitrate by refusing to comply with a prior order of this Court regarding submission of the dispute to arbitration and by refusing to allow arbitration to proceed in a manner consistent with the arbitration agreement. Doc. 1 at ¶ 59. But, it is not at all clear that further discovery is necessary for the Court to rule on the pending motion to dismiss. Defendants argue in their motion that this Court lacks jurisdiction to rule on Plaintiff's request for declaratory relief regarding waiver because waiver goes to enforceability of the arbitration agreement, which is an issue reserved for decision by the arbitrator under the rules of the American Arbitration Association ("AAA"). Doc. 7 at 8-9. However, under certain circumstances, waiver may be a threshold issue suitable for

---

[1] While Plaintiffs are correct that motions to compel arbitration may be adjudicated pursuant to the summary judgment standard set forth in Federal Rule of Civil Procedure 56, *see Coup v. Scottsdale Plaza Resort, LLC*, 823 F. Supp. 2d 931, 939 (D. Ariz. 2011) (reviewing cases), it is also permissible to raise a motion to compel arbitration pursuant to Rule 12(b)(1). *See Geographic Expeditions. Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1104 (9th Cir. 2010). In considering a Rule 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). Even in the context of a Rule 12(b)(1) motion, the plaintiff is entitled to seek expedited discovery, but only if "it is possible that the plaintiff can demonstrate the requisite jurisdictional facts if afforded that opportunity." *St. Clair v. City of Chico*, 880 F.2d 199, 202 (9th Cir. 1989).

adjudication by the Court. *See Lewis v. Fletcher Jones Motor Cars, Inc.*, 205 Cal. App. 4th 436, 443-44, (2012), as modified (Apr. 25, 2012) ("[F]ederal and California courts may refuse to enforce an arbitration agreement "upon such grounds as exist at law or in equity for the revocation of any contract," including waiver."); *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1120 (9th Cir. 2008) (confirming that it is for the Court to decide a party's challenge to enforcement of an arbitration clause on the grounds that the opposing party breached the agreement to arbitrate and therefore had no right to enforce the clause or, alternatively, waived the right to arbitrate). Whether the form of waiver alleged by Plaintiffs is one that can be litigated in this Court is an issue that can be determined in the context of the pending motion to dismiss without the need for additional discovery. If that issue is resolved in favor of Plaintiffs for pleading purposes, the claim will not automatically be sent to arbitration without further proceedings.

Accordingly, Plaintiff's ex parte motion for expedited discovery is DENIED WITHOUT PREJUDICE. In the interest of fairness and because this ex parte motion has taken several days to resolve, Plaintiff's opposition deadline is extended to April 3, 2015. Defendants' reply deadline is extended to April 14, 2015. Upon expiration of the reply deadline, the matter shall be taken under submission on the papers pursuant to Local Rule 230(g). Accordingly, the hearing on the motion, currently set for April 14, 2015, is VACATED.

IT IS SO ORDERED.

Dated:   **March 20, 2015**                    /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE