# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANCER CENTER ASSOCIATES FOR RESEARCH AND EXCELLENCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PHILADELPHIA INSURANCE COMPANIES, PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Defendants. | 1:15-CV-00084 LJO MJS<br><br>ORDER ADDRESSING RESPONSES TO APRIL 17, 2015 ORDER TO SHOW CAUSE; DENYING PLAINTIFF LEAVE TO AMEND CLAIMS AGAINST PHILADELPHIA; DISMISSING CLAIMS AGAINST PCHC; AND DENYING LEAVE TO AMEND (Doc. 17) |

Cancer Center Associates for Research and Excellence ("cCare" or "Plaintiff") brings this lawsuit against Philadelphia Indemnity Insurance Company ("Philadelphia") and Philadelphia Consolidated Holding Corporation ("PCHC"), erroneously sued as Philadelphia Insurance Company ("PIC"), for breach of contract, declaratory judgment, and tortious breach of the covenant of good faith and fair dealing, all claims arising out of a coverage dispute regarding Private Company Protection Plus policy number PHSD831802 issued by Philadelphia to cCare for the policy period of April 1, 2013 to April 1, 2014 ("the Policy"). Complaint ("Compl."), Doc. 1.

On March 5, 2015, Defendants filed a motion to dismiss, arguing, among other things, that: (1) Plaintiff's entire complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the Policy contains a mandatory arbitration provision; and (2) Plaintiff's complaint should be dismissed as against PCHC pursuant to Fed. R. Civ. P. 12(b)(6) because PCHC is not a party to the Policy. Doc. 7. On April 17, 2015, the Court granted the motion to dismiss, but issued an order to show cause to address some outstanding issues. Doc. 17 ("April 17 Order").

Plaintiff's second cause of action in the Complaint sought a declaration that Defendants have waived the right to arbitrate by refusing to comply with a prior order of this Court regarding submission of the dispute to arbitration and by refusing to allow arbitration to proceed in a manner consistent with the arbitration agreement. Compl. at ¶ 59. While, under certain circumstances, waiver may be a threshold issue suitable for adjudication by the Court, *see Lewis v. Fletcher Jones Motor Cars, Inc*., 205 Cal. App. 4th 436, 443-44 (2012), as modified (Apr. 25, 2012) ("[F]ederal and California courts may refuse to enforce an arbitration agreement 'upon such grounds as exist at law or in equity for the revocation of any contract,' including waiver."), the Court found that Plaintiff had not alleged a fact pattern that could plausibly support a finding of waiver in this case. Doc. 17 at 11. Because Plaintiff generally requested leave to amend, but had not presented any argument suggesting how it could modify its factual allegations upon amendment, Plaintiff was ordered to show cause in writing why its second cause of action should not be dismissed without leave to amend. Doc. 17 at 11-12. In response to the order to show cause, Plaintiff submitted a proposed amended complaint ("PAC"). Doc. 18-1. The PAC does add some legal citations pertaining to waiver, but those citations merely reiterate arguments that were rejected in the April 17 Order. The PAC fails to add any <u>facts</u> whatsoever relevant to waiver. *Id*. Accordingly, the PAC does not justify amendment of the second cause of action.[1]

In addition, the PAC attempts to add claims against the American Arbitration Association ("AAA"). Because the time for amendment as of right has expired, the Court will interpret these additional allegations as a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2). "Although this leave should be granted freely, the Court need not grant the opportunity to amend where amendment would be futile." *Hall v. United States*, 233 F.R.D. 591, 595 (D. Nev. 2005). Here, the AAA, as an arbitration body, is protected against the claims raised in the PAC by the doctrine of arbitral immunity.

---

[1] As indicated in the April 17 Order, leave to amend as to the remaining claims against Philadelphia turns on whether leave to amend is appropriate as to the second cause of action. *See* Doc. 17 at 12.

As another district court in this District recently summarized:

> In recognizing the doctrine of arbitral immunity, the Ninth Circuit describes applicable case law as dictating that "arbitrators are immune from civil liability for acts within their jurisdiction arising out of their arbitral functions in contractually agreed upon arbitration proceedings." *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987). As the *Wasyl* court goes on to explain, "[t]he functional comparability of the arbitrator's decision-making process to those of judges and agency hearing examiners, to whom immunity is extended, generates the same need for independent judgment free from the threat of lawsuits. Id. Arbitral immunity therefore "protects all acts within the scope of the arbitral process." *Olson v. Nat'l Ass'n of Security Dealers*, 85 F.3d 381, 383. (8th Cir. 1996); *see also Austern v. Chicago Bd. Options Exch., Inc.*, 898 F.2d 882, 886 (2d Cir. 1999). Like judicial immunity, the only exception to arbitral immunity's broad scope is where there is a clear absence of jurisdiction (*Intern. Medical Group, Inc. v. American Arbitration*, 312 F.3d 833, 843 (7th Cir.2002), or where the arbitrator engages in acts that clearly fall outside his or her arbitral capacity. *See Cort v. American Arbitration Ass'n*, 795 F. Supp. 970, 972–73 (N.D. Cal. 1992).
>
> Arbitral immunity applies not just to an individual arbitrator, but also to organizations that sponsor arbitrations, like the AAA here. In reaching this conclusion, one California court notes that "a refusal to extend immunity to the sponsoring organization would make the arbitrator's immunity illusory." *American Arbitration Ass'n v. Superior Court,* 8 Cal.App.4th 1131, 1133, 10 Cal. Rptr. 2d 899 (1992). Consequently, "[a]s a practical matter a grant of immunity to the arbitrator must be accompanied by a grant of the same immunity to the AAA, an entity as indispensable to the arbitrator's job of arbitrating as are the courts to the judge's job of judging. "*Id* . Significantly too, federal courts have found likewise: "[A]rbitral immunity is not limited to the individual arbitrators. It has been uniformly accepted that such immunity extends to arbitration associations such as the AAA as well. *Cort,* 795 F. Supp. at 971. The immunity extended to the AAA as a sponsoring organization includes not only situations where the arbitrator is or would be immune, but also instances "where the organization has engaged in tasks such as selecting an arbitrator, scheduling a hearing, giving notice of a hearing, and billing for services." *Stasz v. Schwab,* 121 Cal. App. 4th 420,433–34 (2004), citing *Corey v. New York Stock Exchange,* 691 F.2d 1205, 1211 (6th Cir. 1982), *New England Cleaning v. American Arbitration Ass'n,* 199 F.3d 542, 545 (1st Cir. 1999). The scope of immunity is so wide that this remains true even if the sponsoring organization has violated its own internal rules. *See Olson v. Nat'l Ass'n of Security Dealers,* 85 F. 3d 381, 383 (8th Cir. 1996).

*Shamitoff v. Richards*, No. 2:14-CV-00024-MCE, 2014 WL 3939910, at *4 (E.D. Cal. Aug. 11, 2014) (applying arbitral immunity to bar claims against AAA seeking injunctive relief in connection with

3

ongoing arbitration). Accordingly, any claim against the AAA would be futile. Because of this, leave to amend to add a claim against the AAA is not warranted.

Finally, the April 17 Order noted that a stipulation Plaintiff seeks to enforce in the Complaint calls upon the parties to arbitrate any claims against PCHC in the first instance. As a result, the court found that "Plaintiff's own complaint appears to destroy this Court's subject matter jurisdiction over Plaintiff's claims against PCHC." Doc. 17 at 13. Because the issue was not clearly raised by the motion to dismiss, Plaintiff was afforded an opportunity to directly address this issue in its response to the order to show cause. Plaintiff completely failed to do so, and again references and calls for enforcement of the stipulation in the PAC. Accordingly, the claims against PCHC are DISMISSED for lack of subject matter jurisdiction.

## I. CONCLUSION AND ORDER

For the reasons set forth above:

1. Philadelphia's motion to dismiss all the claims against it for lack of subject matter jurisdiction is GRANTED WITHOUT LEAVE TO AMEND.
2. Any remaining claims against PCHC are DISMISSED WITHOUT LEAVE TO AMEND for lack of subject matter jurisdiction.
3. Construing Plaintiff's response to the order to show cause as a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2) to add claims against the AAA, that motion is DENIED because any such claims would be futile
4. The Clerk of Court is directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated:  **May 11, 2015**          /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE

5.

4